# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ELAINE E. BUCKLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6900 | **DATE** | 2/14/11 |
| **CASE TITLE** | Seneca Smith (#K-76299) vs. Salvador Godinez, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for appointment of counsel [#42] is denied. The plaintiff is reminded that he must provide the court with the original plus a judge's copy of every document filed.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, numerous correctional officials and health care providers at the Cook County Jail, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs and by using unjustified force against him. More specifically, the plaintiff alleges that he was denied his prescribed medications and a psychiatric evaluation even though he was hearing voices, expressing suicidal ideations, injuring himself, and repeatedly asking for assistance. He further claims that officers even physically attacked him simply because they were annoyed with him for badgering them about medical attention. This matter is before the court for ruling on the plaintiff's motion for appointment of counsel.

The motion is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Johnson*, 433 F.3d at 1006. When a *pro se* litigant submits a request for appointment of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be taken into account in determining whether to appoint counsel).

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. Although the complaint sets forth cognizable claims, the plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff, a highly experienced litigator whose submissions to date have been coherent and articulate, appears more than capable of presenting his case, notwithstanding the fact that he is currently taking psychotropic medication. Taking medication does not give rise to the "exceptional circumstances" noted in *Farmer*, 990 F.2d at 322. *See Romanelli*, 615 F.3d at 849 (quoting with approval the district judge's observation that "the whole point of taking anti-depressants is to allow the person taking them to think and act rationally"). It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.

As a final concern, the plaintiff is reminded that he must provide the court with the original plus a judge's copy of every document filed. In the future, the court may strike without considering any document filed that fails to comport with this basic filing requirement.